IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,241






EX PARTE KEVIN LARONE MACKEY, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 24,407CR IN THE 40TH JUDICIAL DISTRICT COURT

OF ELLIS COUNTY






 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of the
felony offense of aggravated robbery, and punishment was assessed at confinement for 45
years. No direct appeal was taken.

 Applicant contends that he was denied his right to appeal. Tex. Code Crim. Proc.
art. 26.04 (j) (2), requires appointed counsel to "represent the defendant until charges are
dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his
duties or replaced by other counsel". The duty to perfect an appeal attaches whether counsel
is appointed or retained. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). 
Knowing that Applicant wanted to appeal, counsel had the duty to file a notice of appeal in
a timely manner unless relieved by the trial court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number 24,407CR from the 40th District Court of Ellis County. The
proper remedy in a case such as this is to return Applicant to the point at which he can give
notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits
shall be calculated as if the conviction had been entered on the day that the mandate of this
Court issues. We hold that Applicant, should he desire to prosecute an appeal, must take
affirmative steps to see that notice of appeal is given within thirty days after the mandate of
this Court has issued.


DELIVERED: September 14, 2005 

DO NOT PUBLISH